UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Faith S. Hochberg |
| v. | : | Crim. No. 12-453 (FSH) |
| YOUNG-KYU PARK,<br>    a/k/a "Oscar,"<br>    a/k/a "Anthony Bak,"<br>SOONG-YOUNG PARK,<br>HANNA PARK,<br>HYEUN-JIN PARK,<br>    a/k/a "Sharine,"<br>JONG-HYEK PARK,<br>    a/k/a "Sean,"<br>HO-MAN LEE,<br>SAMUEL H. PARK,<br>JONG-HO KIM,<br>KAE-WON JHO,<br>    a/k/a "Erica," and<br>YOUNG-BAE GU | : | CONSENT TO ENTRY OF A<br><u>PROTECTIVE ORDER</u> |

        The United States, by and through its attorneys,
Anthony Moscato and Lisa M. Colone, Assistant U.S. Attorneys and
defendants Young-Kyu Park, a/k/a "Oscar" and "Anthony Bak" (by
Mark Waecker, Esq., appearing), Soong-Young Park (by Alan Baum,
Esq., appearing), Hanna Park (by Steven Brill, Esq., appearing),
Hyeun-Jin Park, a/k/a "Sharine" (by Christopher L. Patella, Esq.,
appearing), Jong-Hyek Park, a/k/a "Sean" (by Edward J. Plaza,
Esq., appearing), Ho-Man Lee (by Linwood Allen Jones, Esq.,
appearing), Samuel H. Park (by Donna R. Newman, Esq., appearing),
Jong-Ho Kim (by Vincent James Sanzone , Jr., Esq., appearing),
Kae-Won Jho, a/k/a "Erica" (by Michael P. Koribanics, Esq.,
appearing), and Young-Bae Gu (by Robert Joseph Olejar, Esq.,
appearing), jointly consent to a Protective Order concerning the
disclosure and use of certain evidence in the above-captioned
matter, namely, email communications and associated attachments
and files (hereinafter the "Emails"), as described in Attachment
A.

SO ORDERED.   11-27-12

Hon. Faith S. Hochberg USDS

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim


2

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park

_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim


2

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park

_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim


2

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim


2

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim

2

Consented to:

_____
Anthony Moscato
Assistant United States Attorney


_____
Mark Waecker, Esq.
Attorney for Young-Kyu Park


_____
Alan Baum, Esq.
Attorney for Soong-Young Park


_____
Steven Brill, Esq.
Attorney for Hanna Park


_____
Christopher L. Patella, Esq.
Attorney for  Hyeun-Jin Park


_____
Edward J. Plaza, Esq.
Attorney for Jong-Hyek Park


_____
Linwood Allen Jones, Esq.
Attorney for Ho-Man Lee


_____
Donna R. Newman, Esq.
Attorney for Samuel H. Park


_____
Vincent James Sanzone, Jr., Esq.
Attorney for Jong-Ho Kim

2

_____
Michael P. Koribanics, Esq.
Attorney for Kae-Won Jho


_____
Robert Joseph Olejar, Esq.
Attorney for Young-Bae Gu

3

_____
Michael P. Koribanics, Esq.
Attorney for Kae-Won Jho

_____
Robert Joseph Olejar, Esq.
Attorney for Young-Bae Gu

3

## ATTACHMENT A

The United States has represented to counsel for each defendant (hereinafter collectively "Counsel") listed above the following: (a) as part of the investigation leading to the instant prosecution, search warrants were obtained for three email accounts allegedly controlled and used by Young-Kyu Park; (b) the execution of these search warrants produced the Emails; (c) the Emails are voluminous in nature, consisting of in excess of 3,000 individual emails, and many of these emails contained attachments; (d) the Emails are primarily written in the Korean language and contain a significant amount of personally identifiable information, such as individuals' names, dates of birth, places of birth, social security numbers, addresses, bank account numbers, and routing numbers (hereinafter collectively the "Personally Identifiable Information"); and (e) because of the voluminous amount of Emails containing a significant amount of Personally Identifiable Information, it is impracticable for the United States to redact the Emails before disclosure to Counsel.

Accordingly, the United States and the defendants listed above, through Counsel, consent to the entry of a Protective Order as follows:

1.  The United States will expeditiously provide the Emails on compact disc(s), without redactions, to Counsel.  Each compact disc will be labeled: "Restricted Access."  The United States and Counsel further agree that any item or document derived from the compact discs or related to the Emails, including but not limited to translations and summaries, will be treated in accordance with this agreement without need for further labeling.

2.  The Emails and all information derived therefrom shall be restricted solely for use in litigation in this case and shall not be used for any other purpose, except the United States may use and disclose the information for legitimate law enforcement purposes.

3.  Use of the Emails and all information derived therefrom shall be restricted solely to the following individuals:

4

a.  Counsel for each defendant and the administrative staff of Counsel's firm, including independent consultants, expert witnesses, investigators, and other parties under the control of such independent consultants, expert witnesses, investigators, provided: (i) these individuals are needed to further the interests of Counsel in this matter; and (ii) these individuals sign the "Agreement to Be Bound by Discovery Confidentiality Order" as set forth in Appendix S, United States District Court for the New Jersey, Local Rules <see http://www.njd.uscourts.gov/LocalRules.html>.

b.  Each defendant shall have access to the Restricted Access documents only in the presence of his or her counsel.  The defendants shall not be permitted to retain possession of Restricted Access materials, or copies thereof, under any circumstances, unless otherwise ordered by the Court.

4.  The Emails and all information derived therefrom shall not be copied or published to any person, except to those individuals identified in Paragraph 3a above.

5.  Counsel shall inform their clients of the potential penalties for violations of this Protective Order contained in Rule 16(d)(2) of the Federal Rules of Criminal Procedure, and that any violation of the Protective Order may be punished as contempt.

6.  After receipt of materials identified as "Restricted Access," Counsel may challenge the designation as restricted, based on good cause shown that the defendants' rights to prepare a defense or to effective representation by Counsel are effectively impeded by the Restricted Access status.

7.  The Emails and all information derived therefrom shall not be attached to any public filing via the Court's Case Management/Electronic Case Files/PACER ("CM/ECF/PACER").  Any filing associated with, referring to, or including as an exhibit the Emails shall be filed under seal.

5

8.   During the trial, the United States and Counsel
     may introduce and use the Emails in accordance
     with Fed. R. Crim. P. 49.1.

9.   Immediately after the conclusion of this matter
     (after acquittal, sentencing, or the exhaustion of
     all appeals), Counsel shall return the Emails to
     the United States Attorney's Office for the
     District of New Jersey.

10.  Nothing on this agreement shall constitute a
     waiver to request additional discovery, to oppose
     any discovery request, or to object to the
     admissibility of any document, testimony, or other
     information.